**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
**Stephanie A. Gallagher**
**United States District Judge**

**101 West Lombard Street**
**Baltimore, Maryland 21201**
**MDD_SAGChambers@mdd.uscourts.gov**
**(410) 962-7780**

October 29, 2026

LETTER TO ALL COUNSEL OF RECORD

Re: *Caustin M. v. Frank Bisignano, Acting Commissioner, Social Security Administration*[1]
Civil No. 24-2285-SAG

Dear Plaintiff and Counsel:

On August 7, 2024, Plaintiff Caustin M. ("Plaintiff"), proceeding *pro se*, petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. No. 24-cv-02285-SAG, ECF No. 1.

Subsequently, on January 23, 2025, Plaintiff filed in the United States Court of Federal Claims a civil action which that court determined to be "effectively seeking judicial review of a denial of social security benefits" and accordingly transferred to this Court pursuant to 28 U.S.C. § 1631. No. 25-cv-00451-SAG, ECF No. 10. I granted Plaintiff's motion to consolidate that case (-0451) with the instant case (-2285), and directed that all further filing take place in the instant case. ECF No. 32.

The Commissioner moved to dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6), or alternatively for summary judgment pursuant to Federal Rules of Civil Procedure 12(d) and 56.[2] ECF No. 14. Plaintiff filed a response. ECF No. 16. I have considered the parties' filings. *See* ECF Nos. 14, 16,

[1] Plaintiff filed this case against "Commissioner, Social Security," on April 3, 2024. ECF No. 1. Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Accordingly, Commissioner Bisignano has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

[2] I note that parallel briefing has taken place in these cases that has been the same in material aspects of the case. Plaintiff's Motions to Consolidate in each case are identical documents, signed and filed on the same date in both cases. *See* No. 25-cv-00451-SAG, ECF No. 16, and No. 24-cv-02285-SAG, ECF No. 20. Defendant's Motions to Dismiss in each case are substantially the same in the arguments made regarding the Plaintiff's untimely filing, though the opening sections of each brief relate some different facts and procedural history reflecting the different stage in each case at which the motion was filed. *See* No. 25-cv-00451-SAG, ECF No. 27-1 at 4-8, and No. 24-cv-02285-SAG, ECF No. 14-1 at 3-7. I do not find these differences to be material to resolution of the instant motion.

20, 28. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons set forth below, the Commissioner's motion is treated as a motion for summary judgment and GRANTED.

The Commissioner argues that Plaintiff's complaint should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted because Plaintiff's filing of the complaint is untimely. ECF No. 14-1 at 3-7. Federal Rule of Civil Procedure 12(b)(6) "test[s] the sufficiency of a complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). "A complaint should not be dismissed for failure to state a claim 'unless after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts entitling [her] to relief.'" *Martin v. Duffy*, 858 F.3d 239, 248 (4th Cir. 2017) (quoting *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002)). The Court appropriately considers only those facts and allegations contained on the face of the complaint, Fed. R. Civ. P. 12(d), with limited exceptions, *see Zak v. Chelsea Therapeutics Int'l Ltd.*, 780 F.3d 597, 607 (4th Cir. 2015).

In this case, I will consider the Commissioner's attached Declaration of Ari Levin, Chief of Court Case Preparation and Review Branch 2 of the Office of Appellate Operations, Social Security Administration, ("Levin Decl."), and the accompanying exhibits. ECF No. 14-2. Because I am considering matters outside the pleadings, I will exercise my discretion to treat the Commissioner's 12(b)(6) motion, as specifically requested in the alternative, as a motion for summary judgment pursuant to Rule 56.[3] Fed. R. Civ. P. 12(d). In such cases, courts must give all parties "reasonable opportunity to present all the material that is pertinent to the motion." *Id.* Reasonable opportunity requires: (1) some notice by the court to the parties that "it is treating the 12(b)(6) motion as a motion for summary judgment[,]" and (2) "the consequent right in the opposing party to file counter affidavits or pursue reasonable discovery." *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985) (quoting *Johnson v. RAC Corp.,* 491 F.2d 510, 513 (4th Cir. 1974). After receipt of the Commissioner's motion to dismiss, or alternatively for summary judgment, ECF No. 14, the Clerk of this Court mailed a "Rule 12/56 notice" to Plaintiff, ECF No. 15. This Court routinely finds that the "Rule 12/56 notice" satisfies the notice requirements set forth in *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). *See, e.g.*, *Janice D. v. Kijakazi*, No. SAG-22-3369, 2023 WL 5509314 (D. Md. Aug. 25, 2023); *Toi H. v. Kijakazi*, No. SAG-20-3260, 2022 WL 993774 (D. Md. Apr. 1, 2022); *Bogues v. Bishop*, No. CCB-19-2035, 2020 WL 5759758 (D. Md. Sept. 28, 2020). The Rule 12/56 notice alerted Plaintiff to the potential consequences of a failure to appropriately respond to the Commissioner's motion. Plaintiff responded on October 14, 2024, after the Rule 12/56 notice was mailed on October 4, 2024. Therefore, I find that Plaintiff received sufficient notice, by way of the title of the motion and the information in the Rule 12/56 notice, that the Commissioner's motion could be converted to one for summary judgment. I also find that

---

[3] Courts retain discretion under Rule 12(d) to convert a 12(b)(6) motion to one under Rule 56 if the motion is styled as one under Rule 12(b)(6) or, in the alternative, Rule 56. *See Bosiger v. U.S. Airways*, 510 F.3d 442, 450 (4th Cir. 2007); *Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cnty.*, 788 F. Supp. 2d 431, 436-37 (D. Md. May 31, 2011), *aff'd sub nom. Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cnty., Md.*, 684 F.3d 462 (4th Cir. 2012).

Plaintiff had sufficient opportunity to seek and submit evidence and that conversion of the Commissioner's motion to one for summary judgment is appropriate. *See, e.g.*, *Janice D.*, 2023 WL 5509314; *Hutton v. Hickman*, No. ELH-19-3665, 2020 WL 7640825 (D. Md. Dec. 23, 2020); *Collins v. Gang*, No. JKB-19-2526, 2020 WL 7384877 (D. Md. Dec. 16, 2020).

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden of showing that there is no genuine dispute of material facts. *See Casey v. Geek Squad*, 823 F. Supp. 2d 334, 348 (D. Md. Nov. 10, 2011) (citing *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987)). If the moving party establishes that there is no evidence to support the non-moving party's case, the burden then shifts to the non-moving party to proffer specific facts to show a genuine issue exists for trial. *Id.* The non-moving party must provide enough admissible evidence to "carry the burden of proof in [its] claim at trial." *Id.* at 349 (quoting *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1315-16 (4th Cir. 1993)). The mere existence of a "scintilla of evidence" in support of the non-moving party's position will be insufficient; there must be evidence on which the factfinder could reasonably find in its favor. *Id.* at 348 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986)). Moreover, a genuine issue of material fact cannot rest on "mere speculation, or building one inference upon another." *Id.* at 349 (quoting *Miskin v. Baxter Healthcare Corp.*, 107 F. Supp. 2d 669, 671 (D. Md. Sept. 16, 1999)).

On September 7, 2016, Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB"). ECF No. 14-2 at 8. Plaintiff's claims were denied initially and on reconsideration. *Id.* On July 2, 2019, an Administrative Law Judge ("ALJ") found Plaintiff not disabled. ECF No. 14-2, Levin Decl. at ¶ 3(a). Plaintiff filed exceptions, and on June 8, 2020, the Appeals Council ("AC") denied Plaintiff's request for review. Levin Decl. at ¶ 3(a); ECF No. 14-1 at 5; *see* ECF No. 14-2 at 24-29. The AC mailed Plaintiff notice of its action and of the right to commence a civil action within sixty (60) days from the date of receipt. Levin Decl. at ¶ 3(a); *see* ECF No. 14-2 at 25-26. Plaintiff requested an extension of time on August 11, 2020 and the AC eventually reviewed that request and granted a thirty-day extension of time from May 10, 2022 (plus five days for mailing). Levin Decl. at ¶ 3(b); *see* ECF No. 14-2 at 31-34. Plaintiff did not request a second extension. Levin Decl. at ¶ 3(b); ECF No. 14-1 at 6. On August 7, 2024, Plaintiff filed a complaint in this Court, requesting judicial review under 42 U.S.C. § 405(g). ECF No. 1; Levin Decl. at ¶ 3(c).

"Congress has authorized lawsuits seeking judicial review of decisions by the SSA only under certain limited conditions, including filing deadlines specified by statute." *Tlee C. v. Saul*, No. DLB-19-3585, 2020 WL 3268529, at *1 (D. Md. June 17, 2020) (citing *City of Tacoma v. Taxpayers of Tacoma*, 357 U.S. 320, 336 (1958)). A claimant appealing an adverse disability determination by the SSA must file the civil action "within sixty days after the mailing to [the claimant] of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g); *see also* 20 C.F.R. § 422.210(c). This "60-day requirement is not jurisdictional, but rather constitutes a period of limitations" subject to equitable tolling in the rare circumstances where appropriate. *Bowen v. City of New York*, 476 U.S. 467, 478

(1986) (citing *Mathews v. Eldridge*, 424 U.S. 319, 328 n.9 (1976); *Weinberger v. Salfi*, 422 U.S. 749, 764 (1975)); *see Hyatt v. Heckler*, 807 F.2d 376, 378 380 (4th Cir. 1986).

"The limitations period must [ ] be strictly enforced, absent (1) an agreement by the SSA to toll the deadlines, or (2) a valid basis for equitable tolling of the deadlines." *Tlee C.*, 2020 WL 3268529, at *1. "Federal courts have typically extended equitable relief only sparingly." *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96 (1990). The Supreme Court has "allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Id.* (footnotes omitted); *see Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Courts are "much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights." *Irwin*, 498 U.S. at 96 (citing *Baldwin Cnty. Welcome Ctr. v. Brown,* 466 U.S. 147, 151, (1984)); *see also Kokotis v. U.S. Postal Serv.*, 223 F.3d 275, 280 (4th Cir. 2000).

Here, the Commissioner argues that Plaintiff's complaint should be dismissed as untimely because the complaint was filed outside of the 35-day timeframe created by the AC's 2022 extension letter, ECF No. 14-1 at 3-7, and Plaintiff apparently did not seek a further extension. ECF No. 14-1 at 6-7; *see* Levin Decl. at ¶ 3(b). The Commissioner further asserts that "there are no circumstances in this case that justify equitable tolling of the statute of limitations." ECF No. 14-1 at 6. Plaintiff contends that he "should be given an opportunity to amend the [c]omplaint" because the complaint presents "enough factual detail to support the claim for Social Security benefits, and dismissal at this stage would be premature." ECF No. 16 at 1.

Considering the foregoing, on the evidence before the Court, Plaintiff's complaint is untimely. The AC mailed Plaintiff notice of its decision on June 8, 2020. Levin Decl. at ¶ 3(a); *see* ECF No. 14-2 at 24-29. The AC granted Plaintiff a thirty-day extension of time from May 10, 2022 (plus five days for mailing). Levin Decl. at ¶ 3(b); *see* ECF No. 14-2 at 31-34. Plaintiff's deadline to file a civil action was therefore June 14, 2022.[4] ECF No. 14-1 at 6. As such, Plaintiff's filing of the complaint more than two years later, on August 7, 2024, was untimely. Despite diligent efforts pursuing the claim at the administrative level, Plaintiff has not demonstrated that Plaintiff has diligently pursued the claim at the district court level. This Court has previously declined to toll the deadline where the claimant filed the complaint as little as one day late. *See Clark v. Comm'r of Soc. Sec.*, No. SAG-16-4009, 2017 WL 2266195, at *1 (D. Md. May 24, 2017). Because Plaintiff does not present any evidence that Plaintiff either sought an extension of the 35-day deadline or that there are circumstances justifying equitable tolling, this Court is constrained to find Plaintiff's complaint as untimely filed. Summary judgment is therefore appropriate against Plaintiff because of the untimely complaint.

[4] The AC granted Plaintiff thirty-five days from May 10, 2022 to file a civil action. ECF No. 14-2 at 32. The AC "assume[d] that [Plaintiff] received [the] letter [five] days after [May 10, 2022] unless [Plaintiff] show[ed the AC] that [they] did not receive it within the [five]-day period." *Id.* Plaintiff made no such showing. Therefore, 35 days later, June 14, 2022, was the deadline.

For the reasons set forth herein, the Commissioner's motion to dismiss, or, in the alternative, for summary judgment, ECF No. 14, is treated as a motion for summary judgment and GRANTED.

Despite the informal nature of this letter, it should be docketed as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/
Stephanie A. Gallagher
United States District Judge